46 A.3d 601

LORI E. RITZ, PETITIONER–APPELLANT, v. MOTOR VEHICLE COMMISSION, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 6, 2012—Decided June 28, 2012.

Before Judges PARRILLO, GRALL and SKILLMAN.

*Rudnick, Addonizio, Pappa & Casazza,* attorneys for appellant (*Mark F. Casazza,* of counsel and on the brief).

*Jeffrey S. Chiesa,* Attorney General, attorney for respondent (*Lewis A. Scheindlin,* Assistant Attorney General, of counsel; *Judith Andrejko,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D. (retired and temporarily assigned on recall).

The question presented by this appeal is whether a violation of a South Carolina statute that imposes a "civil fine" of not more than $500 upon a person who is found in possession of drug paraphernalia constitutes a "convict[ion] ... for a drug offense ... in the court of [another] state" within the intent of *N.J.S.A.* 39:5–30.13, which mandates a suspension of the convicted person's motor vehicle license for a minimum of six months. We conclude that such a violation is not a "drug offense" under the definition set

forth in *N.J.S.A.* 39:5–30.12, which subjects the offender to an automatic suspension of his or her motor vehicle license under *N.J.S.A.* 39:5–30.13.

Appellant Lori Ritz is a New Jersey resident who was issued a New Jersey motor vehicle license. On August 1, 2009, appellant was driving through South Carolina to visit her sick mother in Florida. She was accompanied by her two children and a male passenger. Appellant was pulled over by a South Carolina State Trooper, who conducted a search of appellant's purse, the car, and her male passenger. That search revealed "rolling cigarette papers" in the passenger's possession. Based on this discovery, the State Trooper issued a traffic ticket to appellant for the regulatory offense of possession of drug paraphernalia. According to appellant, the Trooper told her that "because my passenger did not have a license that he would have to issue me that ticket for the paraphernalia and he told me also.... 'Listen, just pay the ticket because it doesn't go any further than this. If you don't pay the ticket, however, it will be sent back to New Jersey.' " After being issued the ticket, appellant continued on her planned trip to visit her mother in Florida. Upon her return to New Jersey, appellant sent the $350 fine for the violation to South Carolina.

Thereafter, the Motor Vehicle Commission sent appellant a notice of proposed suspension of her motor vehicle license under *N.J.S.A.* 39:5–30.13 based on her alleged conviction of a "drug offense" in South Carolina. Appellant requested a hearing regarding this proposed suspension, and the Commission referred the matter to the Office of Administrative Law.

The Administrative Law Judge (ALJ) to whom the case was assigned concluded that appellant's violation of the South Carolina drug paraphernalia statute constituted a "drug offense" within the intent of *N.J.S.A.* 39:5–30.12. The ALJ also concluded that in view of appellant's need for a motor vehicle license to maintain employment and care for her family, the license should be suspended only for the minimum period of 180 days required by *N.J.S.A.* 39:5–30.13. The ALJ's recommended decision became the final decision

of the Motor Vehicle Commission after the Commission did not adopt, modify or reject the decision within forty-five days, as required by *N.J.S.A.* 52:14B–10(c).

*N.J.S.A.* 39:5–30.13 provides in pertinent part:

> The [Motor Vehicle Commission] [1] shall suspend, revoke, or postpone the driving privilege in this State for a period of not less than six months or more than two years of every person convicted of ... a drug offense in any federal court or in the court of any other state, or the District of Columbia.

*N.J.S.A.* 39:5–30.12 defines a "drug offense" as used in *N.J.S.A.* 39:5–30.13 to mean

> a conviction ... for the possession, distribution, manufacture, cultivation, sale, transfer, or the attempt or conspiracy to possess, distribute, manufacture, cultivate, sell, or transfer any substance, the possession of which is prohibited under the federal Controlled Substances Act or a conviction ... for any violation of a law substantially similar in nature to the "Comprehensive Drug Reform Act of 1987"[.]

These provisions, which were enacted in 1993, *L.* 1993, *c.* 296, have not previously been the subject of judicial construction.

The question presented by the appeal is whether a violation of the South Carolina statute for which appellant paid a $350 fine constitutes "a conviction ... for [a] violation of a law substantially similar in nature to the 'Comprehensive Drug Reform Act of 1987.'" *N.J.S.A.* 39:5–30.12. The answer to this question turns on a comparison of the Comprehensive Drug Reform Act with the South Carolina statute that appellant violated.

The Comprehensive Drug Reform Act was enacted in 1986 as a supplement to the Code of Criminal Justice. *L.* 1987, *c.* 106. Any offense under the Comprehensive Drug Reform Act is classified, as is any other offense under the Code, *see N.J.S.A.* 2C:1–4, as a first, second, third or fourth degree crime, disorderly persons offense, or petty disorderly persons offense. *See, e.g., N.J.S.A.* 2C:36–2 to –6. Any conviction under the Code, including a conviction for a disorderly or petty disorderly offense, subjects the

---

[1] The Motor Vehicle Commission is the successor agency to the Division of Motor Vehicles. *N.J.S.A.* 39:2A–4; *L.* 2003, *c.* 13, § 4.

offender to various criminal penalties, including a term of imprisonment. *See N.J.S.A.* 2C:43–6(a); *N.J.S.A.* 2C:43–8.

In contrast, the South Carolina statute that appellant paid a $350 fine for violating is not part of the South Carolina criminal code and a violation of that statute does not subject an offender to criminal penalties such as imprisonment. The South Carolina statute, which is part of Title 44 of that state's statutes dealing with "Health," states in pertinent part that "[i]t shall be unlawful for any person to ... possess ... paraphernalia," [2] *S.C.Code Ann.* § 44–53–391(a), and provides that any person who violates this provision "shall be subject to a civil fine of not more than five hundred dollars." *S.C.Code Ann.* § 44–53–391(c). This section further provides that "[i]mposition of such fine shall not give rise to any disability or legal disadvantage based on conviction for a criminal offense." *Ibid.* Moreover, a violation of section 44–53–391 is not classified as either a "felony" or "misdemeanor" in the sections of the South Carolina criminal code that list such offenses. *S.C.Code Ann.* §§ 16–1–90, 16–1–100. Therefore, it appears clear that South Carolina does not consider a violation of section 44–53–391 to be a criminal offense.

Instead, section 44–53–391 is similar to the many New Jersey statutes that provide for the imposition of penalties and fines for regulatory offenses that do not rise to the level of criminal offenses proscribed by the Code of Criminal Justice. Those regulatory offenses include violations of the titles of the New Jersey statutes dealing with health. *See, e.g., N.J.S.A.* 24:5A–8(c); *N.J.S.A.* 24:12–14(b), (d); *N.J.S.A.* 26:2D–87; *N.J.S.A.* 26:2D–62(a), (b). For these reasons, we conclude that the regulatory offense proscribed by section 44–53–391 of the South Carolina

---

[2] We note that the definitions applicable to this section exclude "cigarette papers" from the definition of "paraphernalia." *S.C.Code Ann.* § 44–53–110. However, because appellant pled guilty to a violation of section 44–53–391(a), there is no reason for us to consider whether appellant actually committed a violation of that statute.

statutes is not a law "substantially similar in nature to the Comprehensive Drug Reform Act of 1987." *N.J.S.A.* 39:5–30.12.

This conclusion is supported by the legislative history of *N.J.S.A.* 39:5–30.12 to 30.13. The committee statement to the bill that added these sections to Title 39 states that its purpose was to avoid the loss of federal highway funds based on the failure to comply with a newly enacted federal statute requiring states to suspend the motor vehicle licenses of persons convicted of drug offenses. That statement indicated:

> Recent federal law (23 U.S.C. § 159) and regulations (23 *C.F.R.* § 1212) require states to have a broad-based drug offender's driver license suspension law or risk losing certain federal highway money. If such a law is not adopted, New Jersey stands to lose an estimated $14 million in FY 1994.

> The federal guidelines require states to suspend or postpone the driving privileges of a person convicted of a drug offense or adjudicated delinquent for such an offense in that state, any other state, or the federal courts.

> [Senate Law and Public Safety Committee, *Statement to Committee Substitute for Assembly No. 2525* (Dec. 6, 1993).]

The federal law cited in this statement provides that, in the absence of compelling circumstances warranting an exception, states are required to enact and enforce a law requiring "the revocation or suspension for at least 6 months of the driver's license of any individual who is convicted ... of any drug offense[,]" 23 *U.S.C.* § 159(a)(3)(A)(i), and defines "drug offense" as "*any criminal offense* which proscribes ... 'the possession, distribution, manufacture, cultivation, sale, transfer, or the attempt or conspiracy to possess, distribute, manufacture, cultivate, sell, or transfer any substance the possession of which is prohibited under the Controlled Substances Act; ...' 23 *U.S.C.* § 159(c)(2)(A) (emphasis added)." Thus, the federal statute that *N.J.S.A.* 39:5–30.12 to –30.13 was designed to implement only requires a suspension of a motor vehicle license upon conviction for a drug-related "criminal offense," and it is clear that appellant's violation of the South Carolina regulatory statute did not constitute a criminal offense.

Accordingly, the final decision of the Motor Vehicle Commission suspending appellant's motor vehicle license for 180 days is reversed.